IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HECTOR PACHECO-MORALES, #2257486 | § § § |
| VS. | § § § CIVIL ACTION NO. 4:22-CV-591 |
| MICHAEL YOUNG, *et al.*, | § § |

**MEMORANDUM PARTIALLY ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge in this action (the "Report") (Dkt. #78), this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 3, 2025, the Magistrate Judge entered the Report (Dkt. #78), containing proposed findings of fact and recommendations that Plaintiff's claims, and lawsuit against numerous defendants, be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) as Plaintiff failed to comply with the Magistrate Judge's order to replead.

On September 22, 2025, Plaintiff filed two separate bundles of documents in two separate envelopes. The first contained a Motion for Reconsideration of Report and Recommendation and Motion for Leave to File Amended Complaint (Dkt. #80), a proposed Amended Complaint (Dkt. #81), and a Memorandum of Law in Opposition to Defendants' Claims of Immunity and in Support of Title VI Claims (Dkt. #82). The second bundle contained a Motion for Reconsideration of Report and Recommendation (Dkt. #83), a Motion for Leave to File Amended Complaint to Specify Capacity (Dkt. #84), a proposed Amended Complaint (Dkt. #85), and a Memorandum of Law in Opposition to Defendants' Claims of Immunity and in Support of Title VI Claims (Dkt. #86). A side-by-side comparison of the documents reveals that the only difference is Plaintiff

specified his claims of official and individual capacity with respect to each defendant in the later-filed proposed Amended Complaint. As a result, document numbers 80 through 82 are mooted or superseded by the later filed documents found in document numbers 83 through 86. The Court liberally construes Plaintiff's Motion for Reconsideration of Report and Recommendation as Objections to the Report and Recommendation (Dkt. #83). The live complaint is now Plaintiff's Fifth Amended Complaint (Dkt. #85).

While Plaintiff makes an effort to comply with the specific instructions in the Magistrate Judge's Order to Replead entered June 8, 2025, the Court notes this effort is months late and only after the Magistrate Judge recommended this case be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). It is only now, after this case has been pending for over three years, does Plaintiff finally attempt to clarify his claims. Regardless, the Court grants Plaintiff's motion for leave to amend (Dkt. #84) and will review the Fifth Amended Complaint under screening. 28 U.S.C. § 1915A.[1]

I. Background

This suit was filed on July 8, 2022, the date Plaintiff signed the verification to his complaint (Dkt. #1). *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (prison mailbox rule). After several opportunities to amend, Plaintiff now sues twenty-six defendants in their individual and official capacities for various claims. Plaintiff asserts claims for false arrest, malicious prosecution, and wrongful conviction under 42 U.S.C. § 1983, deliberate indifference to serious medical needs under 42 U.S.C. § 1983, RICO conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(d), violations of Title VI of the Civil Rights Act of 1964, under 42 U.S.C. § 2000d, violations of the Americans with Disabilities Act

---

[1] At the time of filing the original complaint, Plaintiff was incarcerated at the Leblanc Unit with the Texas Department of Criminal Justice. Plaintiff later paid the full filing fee on April 27, 2023.

("ADA") and Rehabilitation Act ("RA"), under 42 U.S.C. § 12132 and 29 U.S.C. § 794, respectively, and First Amendment Retaliation and Whistleblower Protection. Plaintiff's allegations stem from three main occurrences labeled by Plaintiff as follows:

**Occurrence 1 (1997-2007)**   Oregon Whistleblower Retaliation and Fabricated Charges

**Occurrence 2 (2018)**   Texas Traffic Stop, Coerced Confession, and Wrongful Conviction

**Occurrence 3 (2019-2021)**   Deliberate Indifference to Serious Medical Needs and Ongoing Retaliation.

The named Defendants are Michael Young, Gainesville PD Investigator; Joshua Connerley, Gainesville PD Officer; Jack Jones, Gainesville PD Lead Investigator; Jeremy Kenter, Gainesville PD Officer; Trey Wooten, United States Marshal; John Warren, Cooke County District Attorney; Emma Guzman-Ramon, 1st Court Attorney; J. Stanley Smith, 2nd Court Attorney;[2] Eric Erlandson, Cooke County Assistant District Attorney; Judge Janelle Havercamp, Cooke County District Court; Sheriff Terri Gilbert, Cooke County; Sheriff Tom Watt, Grayson County; Grayson County; Shane Brandon, Boardman, Oregon PD Officer; City of Boardman, Oregon; Cooke County; Justin Nelson, Morrow County, Oregon District Attorney; Morrow County, Oregon; Brian Synder, Sergeant, Morrow County Sheriff's Office, Oregon; Bryan County, Oklahoma Sheriff's Office; Bryan County, Oklahoma; Dr. Erin Jones, Health Administrator at the Ramsey Unit, Rosharon, Texas; Dr. Lanette Linthicum, TDCJ Medical Services Director Health Services Division; Texas Department of Criminal Justice; University of Texas Medical Branch; and Bobby Lumpkin, Director, Texas Department of Criminal Justice.

---

[2] Guzman-Ramon and Smith were Plaintiff's court-appointed attorneys.

## II. Legal Standard

Section 1915A provides that a federal court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A court may then dismiss a claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b). Section 1915A applies even when a *pro se* prisoner pays the filing fee. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).

"A complaint that 'lacks an arguable basis either in law or in fact' is frivolous." *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Claims that fall under Section 1915A(b)(1) are analyzed "using the same standard applied under Federal Rule of Civil Procedure 12(b)(6)." *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). But a court should be mindful that a *pro se* pleading "is to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation omitted).

III.  Venue

Plaintiff sues Officer Shane Brandon from the Boardman, Oregon, Police Department; the City of Boardman, Oregon; Morrow County, Oregon District Attorney Justin Nelson; Morrow County, Oregon; and Morrow County Sheriff Office Sergeant Brian Synder ("Oregon Defendants"). In addition, Plaintiff sues the Bryan County Sheriff's Office located in Durant, Oklahoma and Bryan County, Oklahoma ("Oklahoma Defendants"). Plaintiff asserts claims against these defendants for false arrest, malicious prosecution, and wrongful conviction under 42 U.S.C. § 1983, claims for RICO conspiracy under 18 U.S.C. § 1962(d), claims for violations of Title VI of the Civil Rights Act of 1964 under 42 U.S.C. § 2000d, claims under the ADA and RA, and whistleblower retaliation. With respect to venue, Plaintiff invokes the general venue provision of 28 U.S.C. § 1391(b). In light of Plaintiff's claim of a RICO conspiracy amongst these defendants and those defendants who reside in the Eastern District of Texas, it would appear that venue is proper in the Eastern District of Texas.

IV.  Time-Bar

Many of Plaintiff's claims appear to be time-barred. *See Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (noting that the statute of limitations on a § 1983 claim in Texas is two years); *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (applying the same two-year statute of limitations to disability discrimination claims brought under Title II of the ADA and the RA); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521 (5th Cir. 1993) (finding that claims brought under 42 U.S.C. § 2000d are governed by the same state limitations period applicable to claims brought under 42 U.S.C. § 1983); *Reyna v. City of Portland*, 769 F. Supp. 3d 1161, 1174 (D. Or. Mar. 7, 2025) (noting statute of limitations for whistleblower retaliation under O.R.S. § 659A.820(2) is no later than one year after the occurrence of the unlawful practice); *cf Segal v.*

*Lynch*, No. H-07-083, 2007 WL 9753726, at * 7 (S.D. Tex. June 29, 2007) (noting the statute of limitations for a civil RICO claim is four years).

As Plaintiff's original complaint was filed on July 8, 2022, the only claims that appear timely and properly before the Court relate to any potential RICO conspiracy claim involving Occurrence 2 (2018) and any potential claims under § 1983, the ADA/RA, § 2000d, O.R.S. § 659A.820(2), and RICO conspiracy involving Occurrence 3 (2019-2021). Plaintiff makes the conclusory assertion that all his claims are "timely" and are "directly related" but puts forth no specific arguments as to why the statute of limitations with respect to his claims concerning Occurrence 1 (1997-2007) should somehow be tolled.[3] As a result, Plaintiff's claims against the Oregon and Oklahoma Defendants under O.R.S. § 659A.820(2), claims for false arrest, malicious prosecution, and wrongful conviction under 42 U.S.C. § 1983, RICO conspiracy under 18 U.S.C. § 1962(d), claims under § 2000d, the ADA and RA, and First Amendment retaliation with respect to Occurrence 1 are time-barred.[4]

V.     Failure to State a Claim

With respect to Plaintiff's remaining claims, they are entirely conclusory and lack any factual support. For several Defendants, Plaintiff fails to even mention them in his discussion of the two remaining occurrences. These Defendants include Defendants Erlandson, Havercamp,

---

[3] In discussing the timeliness of his complaint in his Objections, Plaintiff states that "the application of a sentencing enhancement (IAT) that did not become law until 2023 to his 2019 plea is a fundamental violation that can be raised at any time." This claim is not asserted in the Fifth Amended Complaint.

[4] To the extent Plaintiff is attempting to avoid the time-bar by asserting a claim for RICO conspiracy, Plaintiff's claim is entirely conclusory, not supported by any facts, and is insufficient to state a claim. Notwithstanding this failure, "mere conclusory allegations of conspiracy, absent reference to material facts," are insufficient. *Hatch v. Abramson*, No. 3:01-CV-0376-M, 2001 WL 1335751 at *3 (N.D. Tex. Oct. 22, 2001) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1997)). Plaintiff does not even allege that the Defendants came to some sort of agreement. *See Tel-Phonic Serv., Inc. v. TBS Intern, Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992) ("Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement.") (quoting *Hecht v. Comm. Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990)).

Gilbert, Watt, Brandon, Nelson, Synder, the City of Boardman, Morrow County, Bryan County Sheriff's Office, and Bobby Lumpkin. To be clear, the Fifth Amended Complaint is devoid of any discussion regarding these Defendants' involvement in any of the claims asserted. The Court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

For the remaining Defendants, Plaintiff fares no better. Plaintiff fails to identify the elements necessary to establish any of his proffered claims, let alone tie them to any particular factual allegation with respect to the individual defendants or entities. Plaintiff's attempt to identify his legal claims, list the defendants involved, and offer a brief summary of global facts involved is insufficient. *Chhim v. Univ. Of Tex. Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level") (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[5] Although all well-pleaded facts are taken as true, the Court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d

---

[5] While Plaintiff offers some discussion of the facts in outlining the three occurrences, these discussions still fail to provide the necessary detailed factual allegations for the Court to evaluate Plaintiff's claims, nor are they tied to the elements of any claim asserted. For example, Plaintiff states that Defendants Connerly and Ketner conducted a pretextual traffic stop. Plaintiff offers no facts to explain why the stop was pretextual. Plaintiff's Fifth Amendment Complaint is replete with conclusory assertions such as this.

417, 421 (5th Cir. 2006). All of Plaintiff's remaining claims that are not time-barred are conclusory and should be dismissed for failure to state a claim.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct to the extent they recommended dismissal. Therefore, the Court hereby partially adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff's claims that are time-barred are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 29th day of September, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE